UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

In re INTERNATIONAL MANUFACTURING GROUP, INC.,

Debtor.

BEVERLY N. McFARLAND, Chapter 11 Trustee for International Manufacturing Group, Inc.,

Plaintiff,

v.

BYRON L. YOUNGER, JR.; JANE YOUNGER; BYRON L. YOUNGER, JR. FAMILY TRUST; WESTERN BUILDING SPECIALTIES OF SACRAMENTO; WESTERN BUSINESS SOLUTIONS INCORPORATED d/b/a WESTERN BATH & SHOWER INC.; THE ENTRUST GROUP, INC. FBO BYRON & JANE YOUNGER; and RELIABLE MEDICAL & DENTAL SALES, LLC,

Defendants.

No. 2:17-cv-1695-MCE

**MEMORANDUM AND ORDER**

---

Presently before the Court is a motion to withdraw reference of this action to the U.S. Bankruptcy Court brought by Defendants Western Building Specialties of Sacramento and Western Business Solutions Incorporated doing business as Western

1

Bath & Shower Inc. (the "Western Defendants"). Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by 28 U.S.C. § 157(d), which provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Section 157(d) "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations." In re Coe-Truman Technologies, Inc., 214 B.R. 183, 185 (N.D. Ill.1997); see In re Nat'l Consumer Mortgage, LLC, SACV 09-792 CAS, 2009 WL 2985243 (C.D. Cal. Sept. 14, 2009).

With regard to permissive withdrawal, a court's decision to withdraw the reference is generally discretionary, see, e.g., Vreugdenhil v. Hoekstra, 773 F.2d 213, 215 (8th Cir.1985) (cited by In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990)), and "[p]ermissive withdrawal is permitted only in a limited number of circumstances," Hawaiian Airlines, Inc., 355 B.R. at 223 (citing In re Ponce Marine Farm, Inc., 172 B.R. 722 (D.P.R. 1994) for the proposition that "[i]n order to insure that the exception does not swallow the rule, courts remain cautious in applying § 157(d)"). Under controlling Ninth Circuit law, however, where a defendant has preserved its Seventh Amendment right to a jury trial in a noncore proceeding in which the Bankruptcy Court lacks authorization to conduct a jury trial, withdrawal of the reference is appropriate.

Here, the parties do not dispute that the Western Defendants are entitled to a jury trial before this Court as they have timely demanded such a trial and have not consented to the jurisdiction of the Bankruptcy Court in this matter. The Court agrees and finds that withdrawal of the reference is appropriate with respect to the Western Defendants, who have properly preserved their Seventh Amendment right to a jury trial in the district court.

| | |
|---|---|
| 1 | The parties further agree that it is within this Court's discretion to withdraw |
| 2 | reference of the case in its entirety, or to bifurcate the Western Defendants from the |
| 3 | remaining defendants and to withdraw the reference with respect to those claims |
| 4 | asserted against the Western Defendants only.  See 28 U.S.C. § 157(d); see also, |
| 5 | Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997) ("In |
| 6 | determining whether cause exists, a district court should consider the efficient use of |
| 7 | judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, |
| 8 | the prevention of forum shopping, and other related factors."); Fed. R. Civ. Proc. 42(b) |
| 9 | (providing similar factors for consideration in determining whether to bifurcate claims for |
| 10 | trial).  In considering the relevant factors, the Court finds the Defendants to be |
| 11 | interconnected and the claims against the Western Defendants fundamentally tied to the |
| 12 | claims against the other Defendants, such that bifurcation would frustrate judicial |
| 13 | economy and waste the time and resources of both the parties and the Court. |
| 14 | Moreover, bifurcation would result in the potential for inconsistent judgments between |
| 15 | substantially identical cases.  For these reasons, the Court declines to bifurcate this |
| 16 | matter. |
| 17 | For the foregoing reasons, the Court hereby GRANTS the Western Defendants' |
| 18 | unopposed motion to withdraw reference of this action to the U.S. Bankruptcy Court |
| 19 | (ECF No. 1).  To the extent that motion requests bifurcation of the case, that request is |
| 20 | DENIED.  Reference of the action in its entirety is hereby WITHDRAWN. |
| 21 | The parties are hereby ORDERED to file a Joint Status Report/Joint Notice of |
| 22 | Trial Readiness not later than October 30, 2017.  The parties are to set forth therein a |
| 23 | brief background discussing the status of the case, the appropriateness of special |
| 24 | procedures, whether this case is related to any other case(s) on file in the Eastern |
| 25 | District of California, the prospect for settlement, their estimated trial length, any request |
| 26 | for a jury, and their availability for trial.  After review of the parties' Joint Status |
| 27 | Report/Joint Notice of Trial Readiness, the Court will issue an order that sets forth a final |
| 28 | pretrial conference and trial. |

1    A status conference is hereby scheduled and confirmed for November 2, 2017, at
2    11:00 a.m. in Courtroom 7.
3        IT IS SO ORDERED.
4    Dated: October 23, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE