UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERELY N. MCFARLAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WESTERN BUILDING SPECIALTIES<br>OF SACRAMENTO, INC., et al.,<br><br>　　　　Defendants. | No. 2:17-cv-01695-MCE<br><br>**SUPPLEMENTAL PRETRIAL<br>SCHEDULING ORDER** |

Pursuant to Court Order, a Status Conference was held on November 2, 2017. Christopher Sullivan appeared as counsel for Plaintiff. Eric Simon and George Hollister appeared as counsel for Defendants. After hearing, the Court makes the following findings and orders:

**I.　FINAL PRETRIAL CONFERENCE**

A Final Pretrial Conference is set on **November 27, 2017, at 2:00 p.m., in courtroom 7**. At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **November 17, 2017**, a Joint Final Pretrial Conference Statement. The provisions of Local Rule 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution. Failure to comply with Local Rule 281, as modified by this Supplemental Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Statement in its entirety including the witness and exhibit lists. **These documents shall be sent to mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim. The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party. Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument or authorities with any point of law.

///
///

Each party shall confirm the number of court days required to submit the case to the jury. The parties shall further confirm how many court days they will each require to present their cases, inclusive of opening statements and closing arguments. Plaintiff's estimate shall also include the time necessary for jury selection, and Defendant's estimate shall include the time necessary to finalize jury instructions and to instruct the jury. If the parties later submit a revised trial length estimate, the Court will attempt to accommodate them, but, due to its impacted docket, cannot guarantee that it will be able to do so.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendants. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ". After three letters, note the number of letters (i.e., 4A) to reduce confusion at trial. Placement of the exhibit sticker shall not overlie any part of the exhibit to be offered. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>. The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. The listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the Court's processes.

The parties are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind. A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

**II.     TRIAL BRIEFS**

The parties shall file trial briefs not later than **November 17, 2017**. Counsel are directed to Local Rule 285 regarding the content of trial briefs.

**III.    SETTLEMENT CONFERENCE**

Within fourteen (14) calendar days from the date of this Order, counsel is directed to contact the Courtroom Deputy Clerk for the Honorable Kendall J. Newman, for the scheduling of a settlement conference.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement. Such statements are neither to be filed with the Clerk nor served on opposing counsel. Each party, however, shall serve notice on all other parties that the statement has been submitted.

## IV. MOTIONS IN LIMINE

Any evidentiary or procedural motions are to be filed by **November 17, 2017**. Oppositions must be filed by **November 21, 2017**, and any reply must be filed by **November 24, 2017**. The motions will be heard by the Court at the same time as the Final Pretrial Conference.

## V. TRIAL SETTING

A jury trial is set on **December 11, 2017, at 9:00 a.m., in courtroom 7**. Trial is confirmed for two (2) days.

The parties are reminded that pursuant to Federal Rules of Civil Procedure Rule 16(b), the Supplemental Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Supplemental Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

This Supplemental Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) <u>court</u> days of service of this Order.

IT IS SO ORDERED.

Dated: November 3, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE